# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DAVID RAY EVANS                                                                                          PETITIONER
ADC #109126

v.                                                             4:20-cv-00738-JM-JJV

ASA HUTCHINSON,
Governor, State of Arkansas; *et al*.                                                              RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

### **DISPOSITION**

**I.    INTRODUCTION**

Petitioner David Ray Evans, an inmate at the Grimes Unit of the Arkansas Division of Correction, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) He alleges Respondents Asa Hutchinson, Governor of the State of Arkansas, and John Felts, Chairman of the Arkansas Parole Board, have violated several of his constitutional rights by failing to grant him an "in person face to face meeting" to discuss his pardon application. (*Id*. at 1.) I have conducted a preliminary review of Mr. Evans's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, it plainly appears Mr. Evans is not entitled to relief. Accordingly, I recommend the Petition be dismissed without prejudice.

**II.    ANALYSIS**

The essence of Mr. Evans's claim is that the procedures used by Respondents to evaluate his pardon application violated his constitutional rights. Such a claim is not cognizable in a petition for writ of habeas corpus. *Otey v. Hopkins*, 5 F.3d 1125, 1132 (8th Cir. 1993), *cert. denied*, 512 U.S. 1246 (1994). Although an executive forum may be reviewable in habeas when the petitioner

is challenging the fact or duration of his custody and is seeking relief from that custody, *id*. at 1131, Mr. Evans is not challenging his conviction or sentence. Rather, he contends Respondents' procedures violated his rights and seeks redress in the form of what he believes to be the proper procedure: an in-person, face-to-face meeting with the Governor and/or the Parole Board. (Doc. No. 1 at 2.) Like the petitioner in *Otey*, Mr. Evans "is not claiming that he is entitled to [a pardon] or that the Board should have granted his request. Instead, he is challenging only the process by which the Board considered his request for [a pardon]." 5 F.3d at 1131. In other words, Mr. Evans is not seeking an order from this Court to grant him a pardon, "a kind of relief that we clearly would have no authority to give." *Id*. The relief he seeks – an order requiring the Governor and/or the Parole Board to grant him a meeting – would not give him a pardon; it would only give him an opportunity to request one again. "This is not the stuff of redress which can be sought under § 2254." *Id*.

Moreover, even if Mr. Evans's Petition is construed as one for mandamus relief, as he titles it, it fares no better. Mandamus relief is not available to federal courts to direct state officials in the performance of their duties and functions. *See, e.g.*, *Noble v. Cain*, 123 Fed. App'x 151, 152 (5th Cir. 2005) (per curiam); *Handy v. Kelley*, 5:17-cv-00046-KGB, 2018 WL 5631068 (E.D. Ark. Oct. 30, 2018); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added).

For these reasons, it plainly appears from Mr. Evans's Petition that he is not entitled to relief. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition should be dismissed.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Evans has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Evans's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

2. A certificate of appealability not be issued.

DATED this 3rd day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE